**Nasser U. Abujbarah (026182)**
The Law Offices of Nasser U. Abujbarah
7025 E. McDowell Rd., Ste 9
Scottsdale, Arizona 85257
Office: (480) 776-6846
Fax: (480) 776-6847
Email: nasser@nualegal.com

*Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Case No. 2:09-bk-16981-RJH |
|---|---|
| Rob L. Thomson, | Adversary No. |
| Debtor. | Chapter 13 |
| Rob L. Thomson, Debtor, | **DEBTOR'S COMPLAINT** |
| Plaintiff | (Devaluation of Real Property; Contract; Equal Protection of the Law; and Policy) |
| Vs. | |
| BAC Home Loans Servicing, Secured Creditor, | Re: Real Property Located at 35042 N. 10th Street. Phoenix, Arizona 85086 |
| Respondents. | |

Debtor/Plaintiff, Rob L. Thomson (referred to as "Plaintiff"), by and through undersigned counsel, for his complaint against BAC Home Loans Servicing, Trustee, et al (referred to as "Defendant"), alleges the following:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is a core and/or contested proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(k), § 1334, Rule 3012 and Rule 7001(2) of the Federal Rules of Bankruptcy Procedure (referred to as "FRBP").

2. This case was commenced by filing a voluntary petition under Chapter 13 on or about the 21st day of July 2009.

3. That upon information and belief, Plaintiff alleges that BAC Home Loans Servicing is not the proper party representing the true party, and is conducting and transacting business actions counter to those prescribed by the laws of the United States.

4. That upon information and belief, Plaintiff alleges that other financial institutions may have acted and conducted practices that are counter to Arizona State laws and the laws of the United States; more particularly in transfer of the original note and/or no valid assignments have been made in the transaction of the note and Deed of Trust and therefore, reserve the right to name and add these parties to this complaint when Plaintiff learns of their identity.

5. On October 25, 2007, Plaintiff and lender, Countrywide Bank, FSB, entered into and signed an agreement for the purchase of real property located at 35042 North 10th Street, Phoenix, Arizona. The Deed of Trust is attached as Exhibit "A."

6. Said real property is the subject matter of this complaint.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

### COUNT ONE
### PURSUANT TO 11 U.S.C. § 506 THE COURT MAY DETERMINE THE SECURED CLAIM OF REAL PROPERTY

8. Plaintiff repeats, reiterates, and alleges all of the foregoing.

9. Plaintiff alleged, at the time of filing his voluntary Chapter 13 petition, that the value of the property that is subject to this complaint was approximately $280,000.00 based upon his knowledge of properties in the area and comparative sales. Plaintiff filed his petition in July of 2009, since then, according to the Office of the Maricopa County Assessor, the value of the property has dropped to approximately $221,600.00. A copy of the assessment from the Office of the Maricopa County Assessor is attached as Exhibit "B."

10. Upon information and belief, Plaintiff believes the real property securing the Deed of Trust is under-secured.

11. Pursuant to Rules 3012 and 7001(2) of the FBRP provides the procedure whereby the Court may determine the value of the portion of real property that is secured and the value of the unsecured portion.

Considering the foregoing, Plaintiff prays for the following relief:

A. That the Court finds the secured value of the real property is approximately $221,600.00;

B. That the Court finds the unsecured value of the real property is approximately $134,415.33;

C. That the Court order Defendant to release all liens and claims upon the real property that is subject of this action upon receipt of the sum of $221,600.00 and/or the true value of the real property in the current real estate market;

D. That the Court order that Plaintiff will have six (6) months to render the payment to Defendant and failure to render the true value of the real property, Defendant may foreclose on the real property; and

E. For such other and further relief as this Court deems just and proper.

**COUNT TWO
CONTRACT
(IMPOSSIBILITY AND/OR FRUSTRATION)**

12. Plaintiff repeats, reiterates, and re-alleges all of the foregoing.

13. The parties, when signing the Note and Deed of Trust (referred to as the "contract"), believed the real property was worth approximately $362,400.00.

14. The parties intended the real property would be worth approximately $362,400.00 throughout the term of the purchase contract.

15. If both parties did not intend the real property to be worth approximately $362,400.00 throughout the term of the contact, then there was not a "meeting of the minds" and the contract is void.

16. The contract is silent to any other provisions for the devaluation of the property during the term period of the contract.

17. The purpose of the contract has been frustrated by the unforeseen events of the "housing crisis" which has caused a devaluation of real property everywhere.

18. Plaintiff has found it impossible to refinance, modify his loan, or sell the real property.

19. Defendant is unjustly enriched if they are allowed to foreclose on the real property.

Considering the foregoing, Plaintiff prays for the following relief:

A. That the Court, under the Contract Doctrine of Impossibility and Frustration, find that the Contract between the parties has been frustrated;

B. That the Court apply or reshape the rights of parties to obtain equitable adjustment of gains and losses sustained by the parties;

C. For such other and further relief ad this Court deems just and proper.

**COUNT THREE**
**DENIAL OF DUE PROCESS UNDER THE 5TH AMENDMENT**
**(EQUAL PROTECTION UNDER THE LAW)**

20. Plaintiff repeats, reiterates, and re-alleges all of the foregoing.

21. The Congress enacted two statutory sections of discriminatory classifications of real property.

22. Congress, in approximately 1978, added the language "principal residence" to 11 U.S.C. § 1322(b) and later to § 1123(b) of the United States Bankruptcy Code, which prohibits the modification of the rights of the creditor/lender of the "principle residence" of Debtor.

23. The Court has prohibited the application of 11 U.S.C. § 506 to Debtor's "principle residence."

24. 11 U.S.C. § 506 may be applied to any other real property owned by Debtor.

25. Congress intended the discrimination application of 11 U.S.C. § 506 to the "principle residence" of the owner of real property.

26. The legislative limit against the "principle residence" is a denial of equal protection under the law of the fundamental rights of "life, liberty, and the pursuit of happiness."

27. Shelter is a necessity of life.

28. A "principle residence" is a discriminatory classification legislated by Congress, which does not achieve any compelling interest and/or is not rationally related to a legitimate government interest, which denies the owner of such property equal protection under the law, denial of due process.

29. The Plaintiff is a member of the classification of "principle residence" who cannot devaluate the under-secured value of Defendant's claim.

Considering the foregoing, Plaintiff prays that the Court find the following:

A. That 11 U.S.C. § 1322(b) and 1123(b) are discriminatory classifications;

B. That these sections of U.S.C. are unconstitutional;

C. That Plaintiff has been denied due process; and

D. For such other and further relief as this Court deems just and proper.

**COUNT FOUR**
**(STANDING-VALIDITY)**

30. Plaintiff repeats, reiterates, and re-alleges all of the foregoing.

31. Defendant does not have standing in the above captioned matter as they have not offered any evidence they are the holder in due course.

32. Plaintiff alleges that Defendant cannot be a Trustee of the original lender, as Defendant has not offered any evidence of such.

33. Plaintiff alleges that Defendant is not a "holding company" and/or a "security bank" under the United States Banking Laws and Security Act as it holds itself out to be a mortgage company.

34. Plaintiff alleges that the Defendant does not have standing to foreclose on the Plaintiff's real property.

Considering the foregoing, Plaintiff prays the Court find the following:

A. Defendant does not have authority an/or power to assign any interest of Debtors' real property;

B.  Defendant is not the "holder in due course" and has no interest in Plaintiff's real property;

C.  Defendant cannot act for the original "holder in due course" unless the original "holder in due course" is a Security Bank, having authority to deal in securities;

D.  Defendant does not have standing to foreclose on the Plaintiff's real property; and

E.  For such other and further relief as this Court deems just and proper.

## COUNT FIVE
## (PUBLIC POLICY)

35. Plaintiff repeats, reiterates, and re-alleges all of the foregoing.

36. Plaintiff alleges this Honorable Court is a "court of equity."

37. Plaintiff alleges that as a Court created under the authority of Congress; as such, this Court is the "benchmark of society."

38. Plaintiff alleges that this Court, in fairness and justice within the economic housing stress as a matter of "public policy," has the authority to apply the statutes and laws of the United States to determine Congress' intent for not specifically stating in 11 U.S.C. §506 of the United States Code that this section could not be applied to 11 U.S.C. § 1322(b) and 1123(b).

39. Plaintiff alleges that exclusion of the Debtor's "principle residence" is set forth throughout the United States Code in several statutes including sections of the Truth in Lending Act and the Fair Debtor's Collection Act, is evidence that the intent of Congress is that the Court should apply 11 U.S.C. § 506 to 11 U.S.C. § 1322(b) and 1123(b).

40. Plaintiff alleges that an application of 11 U.S.C. § 506 to the lender's claim of evaluation of Plaintiff's "principle residence" would not change the creditor/lender's rights, but

only the amount as to the secured amount of the secured collateral evaluation and the unsecured amount for the under-secured collateral's evaluation and lender lien still passes through.

41. Plaintiff's "principle residence" is under-secured.

Considering the foregoing, Plaintiff prays the Court finds the following:

A. Plaintiff's "principle residence" is under-secured.

B. That the Court applies 11 U.S.C. § 506 in determining the amount of the secured collateral value of Defendant's claim and the amount of unsecured collateral value of Defendant's claim as a matter of public policy.

C. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 15th day of March 2010.

                            **The Law Offices of Nasser Abujbarah**

                            By/s/Nasser U. Abujbarah

                            Nasser U. Abujbarah
                            The Law Offices of Nasser U. Abujbarah
                            7025 E. McDowell Rd., Ste 9, Scottsdale, Arizona 85257