# TIFFANY & BOSCO
#### P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-19786

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Rob Loyd Thomson<br><br>　　　　Debtor.<br>―――――――――――――――――――――<br>BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.<br><br>　　　　Movant,<br>　vs.<br><br>Rob Loyd Thomson, Debtor; Edward J. Maney, Trustee.<br><br>　　　　Respondents. | No. 2:09-bk-16981-RJH<br><br>No. 2:10-ap-00406-RJH<br><br>Chapter 13<br><br>MOTION TO DISMISS<br>WITH PREJUDICE |

COMES NOW Secured Creditor, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P., by and through counsel undersigned, and respectfully requests the Court to dismiss the Adversary case pursuant to 11 U.S.C. §1307(c).

This Motion is based on the accompanying Memorandum of Points and Authorities.

Dated this 8th day of September, 2010.

TIFFANY & BOSCO, P.A.


BY /s/ MSB # 010167
　　　Mark S. Bosco
　　　2525 East Camelback Road
　　　Suite 300
　　　Phoenix, AZ 85016
　　　Attorneys for Movant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

## **FACTS**

In support of the Motion to Dismiss with Prejudice, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. hereby presents the following factual and procedural history for this Court's consideration:

1. (1st case) On 7/21/2009 12:00:00 AM Debtors herein filed his Chapter 13 Petition in Case No. 2:09-bk-16981-RJH.

2. On 10/13/2009 Movant filed a Motion for Relief on the aforementioned property.

3. On 10/31/2009 Debtor filed a Response to Movant's Motion for Relief stating Movant does not have "standing" to enforce the NOTE ,the "Plan" provides for conduit payments and Movant did not comply with Local Rule 4001-1(b)

4. Movant complied with Local Rule 4001-1(b) by mailing the "Demand" on 10/5/1009, which is 9 days prior to the Motion for Relief being filed with the court. Attached hereto as Exhibit "A" is a true and correct copy of the Demand Letter.

5. A Preliminary Hearing was held on 12/2/2009 to determine the matter of Standing. Per the Minute Entry the hearing was continued as the Debtor agreed to settle the matter by signing a 6 month Cure Order. The hearing was continued to 1/25/2010.

6. On 12/9/2009 a Cure Order was forwarded to Debtor's Attorney pursuant to the agreement. but was never returned, despite numerous follow up requests.

7. The Continued Preliminary Hearing was held on 1/25/10 and subsequently vacated due to the debtor stating they would return the Cure Order for filing with the Court. Court instructed Movant the Order for Relief was allowed to be uploaded if the Cure Order was not returned within 2 weeks.

8. On 9/9/2010 Movant notified Debtor's Attorney the Order for Relief would be uploaded due to the Cure Order not being returned. Relief Order was uploaded on 2/9/2010

9. On 2/17/2010 Debtor objected to the Notice of Lodging Proposed Order stating a Stipulation had been reached with Movant.

10. 3/3/2010 The Motion for Relief was granted

11. 3/15/2010 Debtor opened an Adversary Case stating Devaluation of Property, Standing and various other arguments which do not follow the facts of this case.

12. 4/7/2010 Movant responds to Adversary Complaint, this was the last entry made in the Adversary Case.

13. 8/19/2010 Debtors converted to a Chapter 7.

14. Due to the conversion of this case the Debtors now have no right to "modify" the value of the property, regardless if the property is the primary residence or an investment property. In addition, the Debtors failed to argue standing at either of the two preliminary hearings, instead, the Debtors agreed to a settlement and then failed to abide by such.

15. By agreeing to a Cure Order the Debtor has waived his/her right to argue standing, in addition, due to the conversion of the case to a Chapter 7 the right to argue standing now lies with the Trustee, Anthony Mason. As of today's date the Trustee has not objected to the Movant's Motion for Relief.

16. This case should be dismissed with prejudice because of Debtor's willfull failure to comply with the Court's Orders that resulted in prejudice against the Movant.

17. As relief has been granted, the issues relating to Plaintiff's Complaint are moot. Further, this Court has no jurisdiction to further entertain this case as the property is no longer subject to the automatic stay. While Plaintiff is free to bring this action should he choose within the Court of a different jurisdiction, this Court's jurisdiction is terminated.

## **CONCLUSION**

For the reasons cited herein, Defendant requests the dismissal of Plaintiff's adversary Complaint.

RESPECTFULLY SUBMITTED this 8th day of September, 2010.

                                TIFFANY & BOSCO, P.A.

                                BY  /s/ MSB # 010167
                                      Mark S. Bosco
                                      2525 East Camelback Road
                                      Suite 300
                                      Phoenix, Arizona 85016
                                      Attorneys for Movant

COPY of the foregoing mailed
This 8th day of September, 2010,

Rob Loyd Thomson
35042 N. 10th Street
Phoenix, AZ  85086
Debtor

The Law Offices of Nasser U. Abujbarah
7025 E. McDowell Rd.
Suite 9
Scottsdale, AZ  85257
Attorney for Debtor

Edward J. Maney
P.O. Box 10434
Phoenix, AZ  85064-0434
Trustee

BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.
7105 Corporate Drive
Mail Stop PTX-209
Plano, TX 75024
Movant


By: Nicole Harrison